**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| McKenna Austin, | No. CV-24-03454-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Mogollon Treatment Center LLC, et al., | |
| Defendants. | |

Plaintiff McKenna Austin and defendant Dustin Bullard worked together at defendant Mogollon Treatment Center LLC. This case "arises out of the long-term romantic relationship between the[m] which resulted in an ongoing, acrimonious family-court matter in which the custody of the former couple's three minor children is at issue." (Doc. 40 at 2.)

In this case Austin asserted ten claims against Bullard, Damon Bruns, and Mogollon Treatment Center, and Bullard and Mogollon Treatment Center asserted four counterclaims. The parties settled and all claims were dismissed with prejudice (Docs. 39, 43), but Bullard moves to seal the record because Austin included information Bullard does not want to remain publicly accessible.[1] Bullard's motion is denied because his arguments in favor of sealing the record do not overcome the strong presumption in favor of keeping

---

[1] Bullard requested in the alternative that the court strike the "inflammatory allegations and exhibits." (Doc. 40 at 1.) But the request to strike would not accomplish anything because "even stricken documents are publicly accessible." *Abraha v. Colonial Parking, Inc.*, No. CV 16-680 (CKK), 2019 WL 1559655, at *1 (D.D.C. Apr. 10, 2019). Because only sealing would provide the relief Bullard seeks, it is the focus of this order.

court records public.

## I. Legal Standard

Historically, courts have "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978) (footnote omitted). Accordingly, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[M]ost judicial records[,]" including complaints, "may be sealed only if the court finds 'compelling reasons'" for doing so. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)); *see also In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) ("compelling reasons" standard applies to sealing complaint). To that end, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption against sealing and "must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178–79.

## II. Analysis

Bullard has not put forth a compelling reason to seal the record. He contends the record "contains serious, inflammatory allegations about [his] character and conduct, including the reproduction of disputed, selectively edited text messages." (Doc. 40 at 3.) Bullard argues allowing these materials to remain publicly available poses "a substantial risk of unfair and lasting reputational harm" that outweighs the public interest in open access "in a case that will never be tried." (Doc. 40 at 3–4.)  But absent from Bullard's motion to seal is any case law supporting sealing a complaint in a situation similar to the one here. (*See* Doc. 40.) Nor did he reply to Austin's response opposing the motion to seal, which discussed the applicable case law in the context of the facts here. (*See* Doc. 42.) As a result, Bullard concedes many of the arguments Austin put forward. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases

holding that failure to respond to an argument in an opposition brief may constitute a concession of the argument).

Most relevant to Bullard's argument, Austin points out "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1294. Bullard's central argument in favor of sealing the record indeed appears to be embarrassment stemming from the text messages Austin quoted. (*See* Doc. 40 at 3–4.) But parties must often "disclose distressing information in pursuit of their requested relief" and even "alarming" "allegations of sexual assault and substance use . . . are no different." *Doe v. Alabama Dep't of Corr.*, No. 2:24-CV-455-ECM, 2025 WL 942750, at *8 (M.D. Ala. Mar. 27, 2025). Compelling reasons may justify sealing court records "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets[,]" *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020), but Bullard does not persuasively argue that is the case here. As a result, Bullard's motion to seal the record is denied.

**III.     Conclusion**

Because Bullard has not provided compelling reasons to overcome the strong presumption in favor of keeping court records public, his motion to seal the record is denied.

Accordingly,

**IT IS ORDERED** Bullard's motion to seal (Doc. 40) is **DENIED**. This order shall not be sealed.

Dated this 24th day of July, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**