**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| McKenna Austin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mogollon Treatment Center LLC, et al.,<br><br>　　　　　Defendants. | No. CV-24-03454-PHX-KML<br><br>**ORDER** |

  Defendant Dustin Bullard seeks permission to file a late reply in support of his motion to seal. Bullard also requests reconsideration of the order denying his motion to seal. (Doc. 45.) Bullard explains he intended to file the reply on time but "due to an inadvertent clerical mistake in counsel's office," it was not filed. (Doc. 45 at 2.) Good cause appearing, the request to file the late reply is granted. But having considered that reply, there remains an insufficient basis to grant Bullard's motion to seal.

  The court's previous order explained there is a strong presumption in favor of public access to certain court documents and Bullard was required to show "compelling reasons" to merit sealing the documents at issue. (Doc. 44 at 2.) Bullard's reply argues there should be no presumption of public access in this case based on the type of documents he seeks to seal and subsequent events. According to Bullard, the "improperly filed Second Amended Complaint was withdrawn, and the subsequent Motion for Leave to Amend seeking leave to file the same was denied" once the court was notified the parties had settled. (Doc. 45 at 9). Relying on authority from the Second Circuit, Bullard claims those documents and

sequence of events mean there was no presumption of public access because the documents were not "relevant to the performance of the judicial function."[1] (Doc. 45 at 9) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)). Bullard's argument is not convincing.

In the Ninth Circuit, there must be compelling reasons to seal those documents that are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). At the time the documents were filed, they were not merely "tangentially related to the merits," but central to plaintiff's claims. In general, the operative complaint "is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (simplified). And although plaintiff had not yet filed her proposed amended complaint, there is no obvious reason to treat a proposed complaint differently than a filed complaint. A proposed complaint identifies the claims a plaintiff hopes to pursue and access to that document is crucial to understand the course of a case.

The determination that a proposed complaint is related to the merits of a case and subject to the "compelling reasons" standard does not change based on subsequent events. That is, the fact that plaintiff's motion to amend was rendered moot by a settlement does not mean the motion and the proposed amended complaint were retroactively rendered irrelevant to the merits. The presumption of public access to records does not turn on how a case is resolved. *Cf. id.* ("the fact of filing a complaint, whatever its veracity, is a significant matter of record" that is not impacted by later settlement). To conclude otherwise would allow for the routine sealing of documents in every case that settles.

The compelling reasons standard applies to the documents at issue and, as the court has already explained, that standard is not met merely because a litigant hopes to avoid

---

[1] Although Bullard cites to numerous Second Circuit cases, he does not cite the authority most directly on point. According to the Second Circuit, "pleadings—even in settled cases—are judicial records subject to a presumption of public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016). The "weight of [that] presumption . . . is strong" in the context of complaints because "[o]f all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings." *Id.* at 142.

1   "embarrassment, incrimination, or exposure to further litigation." (Doc. 44 at 3.) Although
2   potentially embarrassing, Bullard's motion and reply do not establish compelling reasons
3   support sealing the documents.
4       **IT IS ORDERED** the Motion for Reconsideration (Doc. 45) is **GRANTED** to the
5   extent the court considers the late-filed reply but **DENIED** to the extent the motion seeks
6   reconsideration of the July 24, 2025, order. This order shall not be sealed.
7       Dated this 29th day of July, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge